[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13276

Non-Argument Calendar

_____

UNITED STATES DEPARTMENT OF LABOR,

                              Plaintiff-Counter Defendant-Appellee,

versus

WILLIAM H. LOVETT, JR.,
d.b.a. Hardee Animal Clinic,

                              Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-01323-SCB-JSS

_____

Before NEWSOM and BRANCH, Circuit Judges.[1]

PER CURIAM:

The Department of Labor sued William Lovett Jr. to enforce the Fair Labor Standards Act's overtime and recordkeeping requirements, seeking back pay, liquidated damages, and a permanent injunction. Because Lovett effectively admitted to each element establishing liability, the district court granted the Department's motion for summary judgment. Lovett appeals, and we affirm.

I

Lovett is a veterinarian who owns and operates Hardee Animal Clinic in Wauchula, Florida. In that capacity, he has a handful of employees—all of whom are paid an hourly wage. From at least 2015 through 2018, Lovett paid his employees the same hourly rate without regard to the number of hours worked in each week—that is to say, he didn't pay them more than their ordinary wage for overtime. When his employees worked more than 40 hours in a given week, he paid their ordinary hourly rate and classified those payments as "discretionary bonuses."

After catching on to Lovett playing fast-and-loose with the FLSA's overtime requirements, the Department began

---

[1] Due to Judge Martin's retirement on September 30, 2021, this case is decided by quorum. *See* 28 U.S.C. § 46(d).

investigating. Eventually, the Department filed a complaint, alleging that he had violated the FLSA's overtime and recordkeeping requirements.

Throughout the litigation, Lovett—who was and is representing himself pro se—has proven difficult to work with. For example, he refused to (1) produce disclosures required under Federal Rule of Civil Procedure 26, (2) comply with the district court's order to provide records, (3) respond to the Department's discovery requests, or (4) cooperate with the Department to create a case management report.

In the same vein, Lovett also failed to respond to several Requests for Admission (RFAs). Those requests sought to establish, among other things, the following: (1) that Lovett owned and operated the Clinic; (2) that he employed several individuals who were paid an hourly wage; (3) that he intentionally failed to pay his employees the 150% rate of pay that he knew he was required to pay for overtime hours, and that Lovett classified payment for those overtime hours as "discretionary bonuses"; (4) that he destroyed payroll records during the investigation; (5) that he failed to pay seven employees $18,820.55 in compensation that was owed for overtime pay from 2015 to 2017; (6) that he failed to provide pay stubs to the Department despite a lawful subpoena seeking such records; (7) that he no longer possessed documentation showing wages paid from 2015 to 2017 because he had destroyed those records; (8) that he willfully violated the overtime provisions of the

FLSA; and (9) that the Department's backpay calculation was accurate.

When Lovett failed to respond to those requests within the 30 days permitted by Federal Rule of Civil Procedure 36(a)(3), the Department moved for summary judgment. The Department contended that, by failing to respond to the RFAs, Lovett had effectively admitted to each request. Because those requests established every element of the FLSA violations, the Department asserted that summary judgment was warranted.

Lovett resisted summary judgment on three primary grounds. First, he contended that the summary judgment motion was not supported by competent evidence. Second, he averred that a declaration by one of the investigating officers—which established the amount of backpay Lovett owed—was inadmissible hearsay. Third, he asserted that the investigating officers had committed a trespass and violated his Fourth Amendment rights when they visited his clinic. The district court rejected each of Lovett's contentions and granted summary judgment. It determined that Lovett was liable for $18,820.55 in backpay and an additional $18,820.55 in liquidated damages, and it permanently enjoined him from violating the FLSA. Lovett timely appeals.[2]

---

[2] We review a grant of summary judgment de novo, viewing all of the evidence in the light most favorable to the nonmovant. *Hickman v. Spirit of Athens, Ala., Inc.*, 985 F.3d 1284, 1287 (11th Cir. 2021).

## II

Federal Rule of Civil Procedure 36 permits a litigant to serve an opposing party with a written request to admit certain facts and the application of law to fact. Fed. R. Civ. P. 36(a)(1)(A). The rule allows the opposing party 30 days to respond with a written answer or objection. Fed. R. Civ. P. 36(a)(3). Importantly for our purposes, if a party fails to respond to an RFA within that 30-day window, the "matter is admitted." *Id.* And "[a] matter admitted" pursuant to Rule 36 "is *conclusively established* unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b) (emphasis added).

Although we generally construe documents filed by pro se litigants liberally, that leniency does not excuse pro se litigants from conforming with procedural rules. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam). Consequently—Lovett's pro se status notwithstanding—Rule 36's respond-or-concede requirement applies to him as it would any other litigant. *See id.* Thus, by failing to respond to the RFAs, he "admitted" to all of the Department's requests, and those admissions are "conclusively established." Fed. R. Civ. P. 36(a)(3), (b).[3]

Having determined that Lovett's admissions are "conclusively established," Fed. R. Civ. P. 36(b), it is plain that summary judgment was appropriate. The FLSA prohibits an employer from

---

[3] Additionally, Lovett made no attempt to "withdraw[] or amend[]" his admissions. Fed. R. Civ. P. 36(b).

working an employee more than 40 hours a week "unless" the employee is paid "not less than one and one-half times the regular rate at which he is employed" for all hours worked beyond the 40-hour threshold. 29 U.S.C. § 207(a)(1). It also requires employers to "make, keep, and preserve" records of its employees' "wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(c).

Lovett admitted that he was an "employer," 29 U.S.C. § 203(d), whose employees were "engaged in commerce or in the production of goods for commerce," and that he failed to compensate those employees "at a rate not less than one and one-half times the regular rate at which [they were] employed" for hours worked in excess of a 40-hour workweek, 29 U.S.C. § 207(a)(1). So, he admitted that he violated the FLSA's overtime requirement.

He also admitted that he "destroyed . . . employee payroll records," and that he was "not in possession of documentation showing the wages paid to employees from at least November 28, 2015 through November 28, 2017 because [he], or someone under [his] direction, destroyed such records." So, he admitted that he violated the FLSA's recordkeeping requirements. *See* 29 U.S.C. § 211(c).

Finally, he admitted that each of those violations was knowingly and willfully done, which extends the FLSA's statute of limitations from two to three years. 29 U.S.C. § 255(a). Taken together, those violations subject Lovett to (1) liability for "unpaid overtime compensation" and "an additional equal amount as

20-13276                 Opinion of the Court                 7

liquidated damages," 29 U.S.C. § 216(b),[4] and (2) an injunction from continued violations, *see* 29 U.S.C. §§ 217, 215(a)(5).

## III

Lovett's admissions establish every element of liability for both provisions under which the Department sued—§§ 207 and 211. Accordingly, Lovett admitted liability for the entirety of the judgment from which he now appeals.[5]

**AFFIRMED.**

---

[4] Lovett also admitted that the amount of unpaid overtime compensation was $18,820.55. So, the district court's judgment imposing liability for $18,820.55 in backpay and $18,820.55 in liquidated damages was based on Lovett's admission.

[5] Lovett's contentions (1) that the officer's declaration establishing the amount of backpay owed was hearsay, and (2) that the officers violated his Fourth Amendment rights both are unpersuasive. First, even giving Lovett's brief an appropriately charitable reading, he fails to raise the hearsay argument on appeal, and it is therefore abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). Even if we considered it, it wouldn't alter the outcome—Lovett admitted to all of the necessary facts to establish liability. It therefore makes no difference whether the officer's declaration was admissible or not—Lovett's admission of those facts is "conclusively established" for the purposes of this litigation. Fed. R. Civ. P. 36(b). Second, although Lovett conclusorily asserts that a Fourth Amendment violation led to inadmissible evidence, he does not point to any specific evidence that ought to have been excluded. In any event, Lovett "did not have any reasonable expectation of privacy in areas of [his office] where the public was invited to enter and to transact business." *Maryland v. Macon*, 472 U.S. 463, 469 (1985). Therefore, the officers did not violate the Fourth Amendment when they walked into the public entrance of Lovett's clinic.